.FRANK A. FERGUSON v. LAFAYETTE DAVIS.

*Bills of exchange—Conditional acceptance—Evidence.*

A contractor gave a draft to a lumber dealer from whom he was
purchasing lumber to be used in a house he had contracted to
build for the drawee, payable at a given date, which was accepted
on condition "that the dwelling shall be completed before this
draft is paid." This was the only reference to the building
contract contained in the draft or acceptance.

   *Held,* in a suit against the drawee to recover the amount of the
draft, that it was competent to read the contract in evidence to
explain the "completion" covered by the acceptance.

Error to Saginaw.  (Gage, J.)  Argued April 20, 1887.
Decided April 28, 1887.

Assumpsit.  Plaintiff brings error.  Affirmed.  The facts
.are stated in the opinion.

*Durand & Brewer,* for appellant.

*Wisner & Draper,* for defendant.

CAMPBELL, C. J.  Plaintiff sued defendant for lumber
furnished one Brannock to the amount of $300.  The
·declaration, as amended, contained special counts on an
·undertaking by defendant to pay for the lumber, and a
special count on an accepted order for $300, as well as the
·common counts.  The substance of the transaction was
claimed to be that Brannock was furnishing lumber and
building a house for defendant, and plaintiff had sold him
lumber to the amount of $150, and was unwilling to do more
without security.  Application was made to defendant, who,
after some objection, agreed to become responsible for lum-
ber to the amount of $300, payable when his house was com-
pleted.  It is not clear whether this $300 was to embrace past

or only future sales.   An order was drawn up in this form, addressed to defendant:

"$300.                          EAST SAGINAW, July 7, 1885.
"On September 15, 1885, pay to the order of Frank A. Ferguson three hundred dollars, value received, and charge the same to the account of
                        "GEORGE BRANNOCK."

.This was accepted with the qualification:

"It is understood that the dwelling shall be completed before this draft is paid."

Brannock failed to complete the house before September 15, and did not complete it at all.   Defendant had to expend considerable money to finish it.

On the trial, plaintiff produced this paper, and proved its execution, and gave evidence that the dwelling was in process of building when the acceptance was made, and that the house was occupied before suit brought, and completed, with some exceptions as to inside blinds.   Plaintiff said he did not know the terms of the building contract.   He also testified to the circumstances which led to making the acceptance.

Defendant, under objection, showed the building contract, which required the house to be finished, according to plans and specifications, by September 15, 1885.   Brannock left the job unfinished in September, and defendant paid out, in order to finish it, a considerable amount beyond what the contract called for, leaving no such balance due Brannock. The jury below found a verdict for defendant on the ground that the suit was brought when the terms of the acceptance had not been complied with.

The chief controversy before us was whether it was competent to show the understanding that the house was to be completed under the contract.   Plaintiff claims the acceptance was an assignment to him of $300 of the contract price due, whether Brannock finished the house or not.

We think this is not correct.   The acceptance being conditional, and referring to something only to be learned by proof, it was not only competent, but necessary, to explain the consideration, and the meaning of the phrase, as well as the identity of the house.   The natural meaning of the bargain was that there must have been some benefit to defendant contemplated, which appeared to be the building of his house.   If this undertaking obliged defendant to pay for this lumber whether Brannock finished his house or not· there was no safety in it, and no reason for making it.   The house was a house to be completed before payment, and the evidence that identified it did so by means of the Brannock contract, and the terms of that cannot be thrown out, any more than any other part of the arrangement.   We think that the completion referred to could only mean the completion contemplated by the contract, which was a necessary part of the proof, and which must be read itself to explain the completion covered by the condition, which without it would be of no meaning whatever.   If the acceptance had described the dwelling, and been complete in itself, there would be some plausibility in the claim that it could not be explained by parol evidence.   But it is not complete, and could only be made so by showing the circumstances that gave rise to it, and its consideration.

Taking the construction claimed by plaintiff, it does not seem to help him.   The undertaking, as shown by plaintiff's own testimony, was substantially, in whole or in part, one of suretyship, and it is by no means certain that the fixing of September 15 as the day of payment, qualified by the condition that it was to be paid when the house was completed, would not make the completion by September 15 essential to any recovery.   A surety's contract is not to be enlarged beyond its terms.   That construction is open to another difficulty; for, if it does not require Brannock to build the house, neither does it any one else, and it would enable

defendant to postpone it as long as he chose, and so defeat recovery.

The case presents some difficulties in plaintiff's way under any construction, but we have no doubt the court below took the reasonable and only practical view. The case is not one which can be determined by any line of authorities, as it has some peculiarities of its own. But we think the cases cited by defendant are the most satisfactory.

The judgment should be affirmed.

The other Justices concurred.