ALBERT TYLER AND LOUIS HIPPACH v. JOHN K. STACK.

*Order—Acceptance—Mechanic's lien—Payment.*

1. A contractor gave an order on the contractee, for whom he was erecting a store building, for the payment to a subcontractor, who was to furnish the glass for the building, of the price of the glass when the same was duly placed and accepted in the building. The contractee wrote upon the order, "Accepted as per above order, when A. H. Butts and William Wilson lien or garnishee is satisfied." And it is held that the acceptance is subject to whatever sums the contractee is re-

quired to pay in order to extinguish the liens of the parties named therein.

2. In arriving at the amount due on the order, the entire sum which the orderee is obliged to pay to satisfy the liens of said parties should be deducted from the amount of the order, notwithstanding, by reason of the insufficiency of the amount due the contractor to satisfy all liens upon the premises, the parties mentioned in the order are obliged, under the mechanic's lien law, to *pro rate* with subsequent lien-holders.

Error to Delta. (Stone, J.) Argued October 11, 1894. Decided December 22, 1894.

*Assumpsit.* Plaintiffs bring error. Affirmed. The facts are stated in the opinion.

*Sawyer, Waite & Waite,* for appellants.

*Mead & Jennings,* for defendant.

MONTGOMERY, J.  John K. Stack was the owner of a lot in Escanaba, and made a contract with one Le Clair to furnish the material and build a brick store building. During the progress of the work, Le Clair gave to one J. M. Lebeau, plaintiffs' assignor, an order as follows:

"ESCANABA, MICH., October 4, 1890.

"*John K. Stack, Esq.:*

"You will please pay to J. M. Lebeau the sum of six hundred forty-nine and 34-100 dollars ($649.34) for plate glass, when same is duly placed and accepted in your building, and charge the same to my account.

"DAVID LE CLAIR,
"Per J. A. SLOANE, Attorney."

Upon this order being presented to defendant, he wrote upon the same the following acceptance:

"Accepted as per above order, when A. H. Butts and William Wilson lien or garnishee is satisfied.

"J. K. STACK."

This order was indorsed to plaintiffs, and they bring suit upon it.

It appears from the testimony that, upon receipt of this order, Lebeau proceeded to furnish material to the amount of the order, which was placed in the building; but that defendant refused payment, on the ground that the Butts lien had not been satisfied. The evidence on the trial showed that the Butts lien was foreclosed, and a foreclosure decree taken, in which Butts was decreed a lien of $171.76, besides costs, which were taxed at the sum of $40.05, making a total of $211.81. The Wilson lien appears to have been satisfied, and is not in controversy here. On the trial, defendant was permitted to introduce testimony to show that there was due on the Butts lien $515.29; but that as there were other subsequent lien-holders, namely, one Wallace and the Nicollett Sash & Door Company, and as, under the statute, these liens were deemed simultaneous mortgages, the total of which could not exceed the amount owing by Stack to the contractor, the amount was fixed in the decree at $171.76, as showing the relative portion of the whole which Butts in the lien suit was entitled to recover. The circuit judge admitted testimony to explain the ambiguity, and, upon this testimony, construed the order and acceptance as constituting a contract on the part of defendant to pay Lebeau or order the amount of the order after deducting the Butts lien and the Wilson lien, if any. The court took the view that the entire amount of the Butts lien was the basis, and subtracted that from the amount of the order, and gave judgment for the balance, $94, with interest. The plaintiffs appeal.

We think the circuit judge was right in admitting testimony to explain the ambiguity, and in the construction placed upon the order. It is evident that the parties intended that the acceptance should be subject to whatever sums the defendant was required to pay in order to extinguish the Butts and Wilson liens. The plaintiffs' contention is that the acceptance was only intended to post-

pone the time of the payment of the order, but we think the testimony makes it clear that it is not open to that construction. *Ferguson v. Davis,* 65 Mich. 677; *Lynch v. Henry,* 75 Wis. 631.

Was the oral testimony to show that the Butts lien was in fact $515.29 admissible, and did the court err in holding that the entire amount of the lien, although under the statute Butts was compelled to share it with the subsequent lien-holders, should be deducted from the amount of the order? In the decree fixing the Butts lien, the court found that there was due from Le Clair, the contractor, to Butts, $1,500 or more. Upon this state of facts, it is clear that Butts was entitled to a lien for all that remained unpaid by defendant Stack after deducting the expense of completing the building.[1] But plaintiffs contend that the amount for which the decree was awarded was in fact $171.76 and costs, and that, therefore, this is all that the defendant can assert that he was entitled to deduct to pay the Butts lien. But it is clear that, as against defendant, the subsequent lienors could not establish a claim except by the right of priority derived through Butts. They claimed to be entitled to be paid out of the sum for which it was found that the land was subject to a lien, *pro rata* with Butts, on the ground that, under the statute, their several liens were treated as simultaneous mortgages. While, as before stated, they were not, as against the rights of defendant, Stack, entitled to a lien, the court, in the chancery proceeding, held that, as between themselves and Butts, he (Butts) could not claim priority over them, and that they were entitled to participate. This was, in effect, participating in the Butts lien. The defendant could not have discharged the Butts lien

---

[1] Le Clair, soon after giving the order, abandoned his contract, and Stack was obliged to complete the building.

before decree without payment of the full sum of $515.29,. and, by the decrees, the Butts lien became merged in three decrees, not in one, and it could not be discharged without payment of a like amount. The fact that Butts was compelled to *pro rate* with subsequent lienors does not. affect the right of defendant to deduct the amount paid. The evidence was not offered to impeach the judgments or decrees, but to show the basis of the decrees in favor of Wallace and the Nicollett Sash & Door Company. For this purpose the testimony was admissible. See *Merchants' Bank v. Schulenburg*, 48 Mich. 102; *Black v. Miller*, 75 Id. 323; and *Hewett v. Chapman*, 49 Id. 4.

We agree with the circuit judge that there was no evidence tending to show that defendant ever purchased the property of Lebeau, and agreed to pay for it, except as the agreement was embodied in the acceptance of the order.

The judgment will be affirmed.

LONG, GRANT, and HOOKER, JJ., concurred. McGRATH,. C. J., did not sit.