MATHEWS v. GARMAN.

LIQUOR BOND—LIABILITY OF SURETIES.
The liability of the sureties upon a liquor bond does not extend to the acts and conduct of a firm succeeding that whose members were principals in the bond, although one of such principals is a member of the new firm.

Error to Muskegon; Russell, J. Submitted June 20, 1896. Decided July 31, 1896.

Case by Charlotte D. Mathews against Samuel Garman and Christen Sinkback, saloonists, and the sureties on their bond, under the civil-damage act. From a judgment for the sureties on verdict directed by the court, plaintiff brings error. Affirmed.

*F. W. Cook*, for appellant.

*Chamberlain & Cross*, for appellees.

MONTGOMERY, J. This is an action brought against the principals and sureties on a bond given under the liquor statute. In the spring of 1894 the defendants Garman and Sinkback formed a copartnership for the purpose of carrying on the saloon business in the city of

Muskegon. The bond in question was made out in due form, with the other defendants as sureties, and filed with the county treasurer on May 4, 1894, and the tax was duly paid. It appears by the record that, on or about the 4th of June of the same year, the defendant Sinkback sold out his interest in the business to one Grossman, and, from that time on, Garman and Grossman continued the business. No further tax was paid to the county, and no new bond was given. A United States government tax was paid, however, and a receipt taken in the name of the new firm. It is in evidence that the sureties knew of the sale from Sinkback to Grossman, and that the business was being carried on by the new firm. It does not appear as to whether they knew that the new firm had not paid a tax and given a bond, as required by law. Upon this showing, the circuit judge held that the sureties were not liable on the bond.

The rule that the contract of a surety is not to be extended beyond the scope of his undertaking, and that he has the right to stand upon the precise terms of his contract, is well recognized; and it is held that an undertaking by a surety to answer for the defaults of a copartnership continues only so long as the partnership continues. Brandt, Sur. §§ 99, 100 (2d Ed.; §§ 119, 120); *White Sewing Machine Co.* v. *Hines*, 61 Mich. 423. In the present case it may well be said that the fact that the bondsmen were willing to become sureties for the good conduct of Garman and Sinkback does not necessarily indicate that they were willing to warrant the good conduct of Garman and Grossman. The consideration for their undertaking may have been their confidence in the business ability and pecuniary responsibility of Sinkback; and unless there is something peculiar in the nature of their undertaking, which extends its scope, it seems clear that the liability of the sureties cannot be successfully affirmed.

We are cited to the case of *Abbott* v. *Morrissette*, 46

Minn. 10. That action was brought upon a bond given pursuant to the statute, for the use of all persons who might do work or furnish materials pursuant to a contract for the construction of a building. The condition of the bond was that "M. & B. shall pay all just claims for all work done and to be done, and all materials furnished and to be furnished, *pursuant to said contract, and in the execution of the work therein provided for.*" After the work was entered into, B. withdrew from his relation as copartner, but M. went on and completed the performance of the contract. Plaintiffs, without knowing this fact, furnished material which was used in completing the contract, and in the execution of the work therein provided for. The sureties were held liable, on the ground that the obligation of the principal obligors and of the sureties was not limited to debts contracted by such principal obligors, the original contractors. The court said: "The bond, by its terms, embraces the undertaking that the contractors, M. & B., should pay for labor and material furnished *pursuant* to the contract *with the owner*, and in the execution of the work therein provided for." To the same effect is *Freeman* v. *Berkey*, 45 Minn. 438, also cited by counsel, and *Kaufmann* v. *Cooper*, 46 Neb. 644. These cases are distinguishable from the present. There the undertaking of the sureties was to protect those furnishing material to be used in completing a particular work, and it was held that this obligation rested upon them without regard to the question of whether the primary liability rested upon the principals or not. In the present case the undertaking is that the principals of these sureties shall not do certain acts, and shall conduct their business in a certain manner; and we think it would be an extension of their undertaking to hold them as guarantors of the good conduct of another and distinct firm. We do not wish to be understood as holding that in case of a mere sham sale, or an attempt to evade the law by a pretended sale which

is a mere cover, the liability of the sureties may not continue; but we think there is no showing of such a state of facts here, and the circuit judge was right in directing a verdict for the sureties.

Judgment affirmed.

The other Justices concurred.