GRASSER & BRAND BREWING CO. v. ROGERS.

1. PRINCIPAL AND SURETY—EXTENT OF LIABILITY.

One who becomes surety for the purchase price of goods under a contract for their sale in car lots is not liable for purchases made by his principal in quantities of less than a car load.

2. SAME—APPLICATION OF PAYMENTS.

Payments made by one indebted for merchandise, without direction as to their application, and which are credited generally upon his account, will, in an action against a third party as surety for the payment of the purchase price of a portion only of the goods, be applied upon the indebtedness in the order of the creation of the several items thereof.

Case made from Clare; Dodds, J. Submitted January 13, 1897. Decided March 17, 1897.

*Assumpsit* by the Grasser & Brand Brewing Company against Jay R. Rogers and Alfred J. Doherty, as surety, upon a contract for the purchase of goods. From a judgment for defendants on verdict directed by the court, plaintiff brings error. Affirmed.

*Samuel Kohn* (*Charles S. Northup*, of counsel), for appellant.

*C. W. Perry*, for appellees.

MOORE, J. March 20, 1890, the plaintiff made a contract with defendant Rogers to sell him "all the lager beer he may need, in car lots, at five dollars per barrel, delivered on board the cars at the city of Toledo, at the rate and price of five dollars per barrel." Rogers, on his part, agreed to use his best endeavors to market the beer, "and that he will pay for the beer so delivered, in car lots, by remittance or honoring and paying drafts drawn on him therefor, in such manner that he * * * shall not be

indebted to said Grasser & Brand Brewing Company at any one time for more than the price of one lot or shipment; that is to say, that, upon making any order for beer, he will remit or honor and pay the sight draft drawn on him to the full amount of all indebtedness then existing." Defendant Doherty became surety for the performance of the contract on the part of Rogers, limiting the amount for which he would be liable to $1,000. Two days after this contract was made, one car load of beer, consisting of 250 quarter-barrels, was shipped to Rogers. This was the only car-load lot shipped. Other beer was shipped to Rogers in smaller quantities than car-load lots, as ordered by him. The value of all the beer shipped him was $910.50. He made remittances, which were credited upon his account, amounting to $517.14, leaving a balance due to plaintiff from Rogers of $393.36, for which amount this suit was brought. It was shown that, if beer was shipped in smaller quantities than car-load lots, the freight was proportionately much higher. Defendant Doherty claimed that he was liable only for the beer sold in car-load lots, and that, as the remittances would more than pay for the car load that was shipped, he was not liable. The judge sustained the defendant in both positions. Plaintiff appeals.

There are but two questions involved:

*First.* Was Doherty liable for any of the beer except that which was sold in car-load lots? He had a right to choose the terms of the agreement into which he entered. His agreement was in relation to sales which were made in and to be paid for in car-load lots, and in no other quantities. A surety can insist that he will not be bound except upon his own terms, and his obligation cannot fairly be extended beyond the scope of his written agreement, as, under the statute of frauds, his agreement must be in writing. *Johnston* v. *Township of Kimball,* 39 Mich. 187 (33 Am. Rep. 372); *Bullock* v. *Taylor,* 39

Mich. 137 (33 Am. Rep. 356); *Locke* v. *McVean*, 33 Mich. 473; *Michie* v. *Ellair*, 60 Mich. 73; *Ferguson* v. *Davis*, 65 Mich. 677; *Fay & Co.* v. *Jenks & Co.*, 93 Mich. 130.

The other question is: Did the court err with reference to the application of payments? The contract provided that payment should be made for one lot of beer before another was sent. Payments were in fact made more than sufficient to pay for the car load which was sent. The car load of beer was the first beer sent. In *Chapman* v. *Com.*, 25 Grat. 721, the rule is stated as follows:

"A payment by a debtor who owes several debts to a creditor is to be applied to one or the other of the debts, as follows:

"*First.* The debtor may direct the application at or before the time of making such payment; and such direction may be given expressly or by implication.

"*Second.* If the debtor gives no such direction, then the creditor may make the application according to his pleasure, and he may make it either at the time of such payment, or afterwards, before the commencement of any controversy on the subject; but, the application being once made, it cannot be changed without the consent of all the parties.

"*Third.* Such application by a creditor may also be made either expressly or by implication. If he enters the debits and credits in a general account, as they occur, this will be considered, in the absence of evidence to the contrary, as a general application of the credits to the debits in the order of time in which the debits occur, thus paying first the debt first due.

"*Fourth.* If neither the debtor nor the creditor makes the application, then the law will make it according to the circumstances of each particular case; and, if there be no other controlling circumstance, the application will be made according to the order of time, paying first the oldest debt."

We do not think the court erred in his disposition of the case.

Judgment is affirmed.

The other Justices concurred.