MORRIS & CO. *v.* LUCKER.

1. PRINCIPAL AND SURETY—CONTRACTS—CONSTRUCTION.
   Contracts of guaranty are to be construed like other contracts, the intent of the parties being gathered from the entire instrument and its subject-matter.

2. SAME—INTERPRETATION.
   The surety may stand on the precise terms of his contract, when so construed.

3. SAME—ALTERATION—MISTAKE—CONTRACTS.
   Recovery cannot be had in an action at law on a contract of suretyship, in which the name of one of the parties was corrected after its execution, so as to designate a different obligee in accordance with the alleged intent of the parties, where the added party brought the action.

Error to Berrien; Coolidge, J. Submitted October 6, 1909. (Docket No. 15.) Decided November 5, 1909.

Assumpsit by Morris & Company against Frederick C. Lucker on a contract of guaranty. A judgment for plaintiff on a verdict directed by the court is reviewed by defendant on writ of error. Reversed.

*James O'Hara*, for appellant.

*Cady & Andrews*, for appellee.

BLAIR, C. J. Plaintiff, having recovered judgment against the principal debtor, sued defendant upon the following guaranty:

"ST. JOSEPH, MICH., Aug. 28, 1906.
"To ▬▬ MORRIS & CO.
"For value received I hereby guarantee the prompt payment to ▬▬ Morris & Co. of the account of W. J. Lucker which is or may become due them, to the extent of $500.00, hereby waiving notice of the extension of credit or delinquency of payment.

"This guaranty to continue until revoked by me in writing.

                              "F. C. LUCKER."

Defendant's testimony tended to show that at the time he signed the contract the two blanks before "Morris & Co." continued the name "Nelson," which name was blotted out with ink by plaintiff prior to bringing suit. Plaintiff's testimony tended to prove that the name "Nelson" was blotted out before the paper was signed. On receipt of the guaranty, plaintiff wrote the following letter to defendant:

"*Dear Sir:* We are in receipt of your guaranty for five hundred dollars for the account of W. J. Lucker, and hereby accept the same, and agree to furnish Mr. W. J. Lucker credit on this guaranty.

  "Thanking you kindly for same, we are,
                    "Yours truly,
                        "MORRIS & COMPANY,
                            "Gillis."

So far as the printed record discloses, there was no evidence that this letter was mailed or received. Prior to 1903 the firm of Nelson Morris & Co. was engaged in the packing business at Chicago, but in that year went out of business, and its business was thereafter taken over and carried on by the plaintiff corporation, organized under the laws of New Jersey. Among other property, plaintiff acquired the blank forms of guaranty, upon one of which the guaranty in suit was executed. In using these blanks it was the practice of the plaintiff to strike out the name "Nelson," and, if this was not done in the present instance, it was through inadvertence. It does not appear from the record that defendant had previously had any dealings with the partnership of Nelson Morris & Co., or with the plaintiff corporation, or had any information regarding them.

The court directed a verdict for plaintiff in the following language:

"In this case I hold that it is simply a question of law

for the court; that under the facts and evidence in this case the plaintiff is entitled to a verdict for the amount of the indebtedness of young Lucker to the plaintiff; that in this case, if what the defendant contends be true, there was simply a clerical error in leaving the name of Nelson Morris & Co., instead of Morris & Co., and the defendant is in no way harmed, and your verdict in this case, gentlemen, will be for $394.66 in favor of the plaintiff and against the defendant."

Defendant has removed the record to this court for review upon writ of error, contending that the court erred in not submitting the case to the jury with instructions that defendant was entitled to their verdict in case they found that the guaranty as signed by him was to Nelson Morris & Co.

Contracts of guaranty are to be construed like other contracts, and the intent of the parties, as collected from the whole instrument and the subject-matter to which it applies, is to govern. *Locke* v. *McVean,* 33 Mich. 473; *Home Savings Bank* v. *Hosie,* 119 Mich. 116 (77 N. W. 625). But, when the intent of the parties as collected from the contract has been ascertained, the surety has a right to stand upon the precise terms of his contract. *Mathews* v. *Garman,* 110 Mich. 559 (68 N. W. 243); *Grasser & Brand Brewing Co.* v. *Rogers,* 112 Mich. 112 (70 N. W. 445, 67 Am. St. Rep. 389); 20 Cyc. p. 1426. Rules of interpretation, however, are of little consequence in the present case, since the contract is clear and unambiguous and admits of only one construction. What is really sought by plaintiff's counsel is to so change by parol evidence a contract required by the statute of frauds to be in writing, that it shall be between different parties than those stated in the contract itself.

We are of the opinion that it was not competent for plaintiff to show by parol in this form of action that the parties really intended that the contract should be with the corporation. The case of *Grant* v. *Naylor,* 4 Cranch (U. S.), 224, is directly in point, and, in our opinion, is a correct statement of the law as applied to the facts

of this case. See, also, *Crane Co.* v. *Specht*, 39 Neb. 123 (57 N. W. 1015, 42 Am. St. Rep. 562), and cases cited.

This record does not contain sufficient facts with reference to the claim of estoppel to afford a basis for our consideration of the question.

The judgment is reversed, and a new trial granted.

GRANT, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.