## CULLEN *v.* BAMMEL.

PRINCIPAL AND SURETY — CONSTRUCTION OF BOND — LIABILITY OF SURETY.

> In an action on a bond given by a contractor to protect the owner against any loss said owner might sustain through suit or otherwise of the subcontractor, the bond was broad enough to cover the amount of a judgment secured against the owner and his wife by the subcontractor.

Error to St. Clair; Tappan, J. Submitted October 9, 1916. (Docket No. 86.) Decided December 22, 1916.

Assumpsit by Thomas J. Cullen against Andrew Bammel, principal, and Edward Sadler, surety, on a contract of guaranty. Judgment for plaintiff on a directed verdict. Defendants bring error. Affirmed.

*John W. Breining* (*Elmer E. Stockwell,* of counsel), for appellants.

*Baird & Stewart,* for appellee.

MOORE, J. During the summer of 1914 defendant Bammel built a house for the plaintiff upon land owned by him and Mrs. Cullen jointly. Later the plaintiff decided to have a cobblestone chimney built, and under an agreement made defendant Bammel was to build it for $175. The defendant Bammel sublet the construction of the cobblestone chimney to C. A. Westrick & Son. After the chimney was completed both Bammel and C. A. Westrick & Son sent plaintiff a bill for the building of the chimney. Mr. Cullen was willing to pay, but wanted to pay but once. Defendant Bammel gave a bond to Mr. Cullen, signed by himself as principal and Edward Sadler as surety, and Mr. Cullen paid

Mr. Bammel in full for the construction of the house and chimney and took his receipt therefor. December 14, 1914, Charles A. Westrick brought suit against Thomas J. Cullen and Cecilia S. Cullen in justice's court. The summons by direction of Mr. Bammel was delivered to an attorney, and Mr. Bammel assured Mr. Cullen that the attorney would look after the case. The attorney advised Mr. Cullen not to go near the justice's court, but that after judgment an appeal would be taken. December 29, 1914, judgment was rendered in favor of Charles A. Westrick and against Mr. and Mrs. Thomas J. Cullen. No appeal was taken, and later Mr. Cullen paid the judgment. Mr. Cullen then commenced this suit. The defendants put in no proofs in the circuit court, and thereupon the court directed the jury to return a verdict in favor of the plaintiff and against Andrew Bammel and Edward Sadler in the sum of $175. The case is brought here by writ of error.

Counsel rely upon the fact that the trial judge erred in overruling defendants' motion for a directed verdict, and also in directing the jury to return a verdict for plaintiff. It is the claim of the defendants that the proofs in this cause do not show a breach of the conditions of the bond. The claim is that the obligation of the surety is *strictissimi juris;* that he has the right to stand on its precise terms, and his liability cannot be extended by construction or implication, citing 27 Am. & Eng. Enc. Law (2d Ed.), p. 451, *Grasser & Brand Brewing Co.* v. *Rogers,* 112 Mich. 112 (70 N. W. 445, 67 Am. St. Rep. 389), and other cases. In the case where the judgment was obtained against Mr. and Mrs. Cullen the suit was brought by Charles A. Westrick. The following appeared in the record:

"Plaintiff declared orally in assumpsit on all common counts, and especially for the construction of one

cobblestone chimney built at the residence of defendants on Main street, Marine City, Mich., at defendant's request. Plaintiff claiming damages," etc.

The material condition in the bond was as follows:

"The condition of this obligation is such that said Andrew Bammel agrees to protect said Thomas Cullen against any loss he, the said Cullen, may be put to through suit or otherwise of Chas. A. Westrick and Son for any claim or claims for the construction of a chimney in a house of the said Cullen, on N. Main street, Marine City, Michigan, which said chimney was built by said Charles A. Westrick and Son, upon a contract from the said Andrew Bammel, the general contractor, for the construction of said house."

It is argued that, as the suit was commenced by Charles A. Westrick and against Mr. and Mrs. Cullen, the surety cannot be held. In *Sather Banking Co.* v. *Briggs Co.*, 138 Cal. 724 (72 Pac. 352), the court said in part:

"While it is true that a surety cannot be held beyond the express terms of his contract, yet, in interpreting the terms of a contract of suretyship, the same rules are to be observed as in the case of other contracts. Such construction does not mean that words are to be distorted out of their natural meaning, or that, by implication, something can be read into the contract that it will not reasonably bear; but it means that the contract shall be fairly construed, with a view to effect the object for which it was given, and to accomplish the purpose for which it was designed. The old rule of *strictissimi juris* applies only to the extent that no implication shall be indulged in to impose a burden not clearly inferable from the language of the contract, but does not apply so as to hold that the contract shall not be reasonably interpreted as other contracts are."

To the same effect is *Locke* v. *McVean*, 33 Mich. 473; *Morris & Co.* v. *Lucker*, 158 Mich. 518 (123 N. W. 21).

In the instant case there was a dispute as to who

was entitled to receive the pay for building a chimney. Mr. Cullen was willing to pay, but he wanted to pay but once. The bond was given to secure him against loss if he paid Mr. Bammel. This he did. Mr. Cullen was to be protected against any loss "by suit or otherwise of Charles A. Westrick and son for the construction of a chimney," etc. We think the language of the contract is sufficiently broad to meet the situation disclosed by the record.

Judgment is affirmed, with costs to the plaintiff.

STONE, C. J., and KUHN, OSTRANDER, BIRD, STEERE, and BROOKE, JJ., concurred. PERSON, J., did not sit.