METZ *v.* CORL'S ESTATE.

PRINCIPAL AND SURETY—GUARANTY—GUARANTOR NOT LIABLE WHERE CONDITION NOT COMPLIED WITH.

Where stock of a certain company was issued to plaintiff redeemable at par on February 1, 1915, and the payment of the principal and dividends at said date was guaranteed by two persons with the condition that if the holder of the stock desired to continue it beyond the maturity date notice to that effect was to be given to them at least 60 days prior to that time, and plaintiff failed to give such notice but continued to hold said stock until August 1, 1916, when all payments stopped because of the bankruptcy of the company, the guarantors were not liable, in an action on their guaranty, because of the failure of the plaintiff to give said notice. FELLOWS, C. J., and MOORE and STEERE, JJ., dissenting.

Error to Wayne; Webster (Clyde I.), J.   Submitted January 4, 1922.   (Docket No. 22.)   Decided June 5, 1922.

Mary Metz presented a claim against the estate of Samuel S. Corl, deceased, based on a contract of guarantyship.   The claim was disallowed by the commissioners, and plaintiff appealed to the circuit court. Judgment for defendant.   Plaintiff brings error. Affirmed.

*Jacob Steketee (Goodenough, Voorhies, Long & Ryan, of counsel)*, for appellant.

*Beaumont, Smith & Harris (Charles Wright. Jr., of counsel)*, for appellee.

CLARK, J.   On January 6, 1903, plaintiff received a certificate for 100 shares of preferred stock, par value of $100 each, of Corl, Knott & Company.   A guaranty of payment of principal and dividends was indorsed on the certificate.   From time to time shares were redeemed and new certificates issued to plaintiff until finally on August 15, 1907, plaintiff received a certificate for 60 shares of said preferred stock, of the same par value, which certificate provided:

"The company shall call and redeem the preferred stock represented by this certificate, on the first day of February, 1915, by paying to the holder thereof its par value and all accumulated dividends thereon."

And on which certificate a like guaranty was indorsed as follows:

"For value received I hereby guarantee payment of the dividends and principal of within stock.   Should the holder thereof desire to continue said stock beyond the maturity therein stated, he or she shall give notice to that effect at least sixty days prior to maturity to the undersigned.

"SAMUEL S. CORL,
"HEBER A. KNOTT."

Dividends on such stock were paid and were received by plaintiff semi-annually to and including August 1, 1916, but not afterward.

The company did not redeem the stock. Prior to February 1, 1915, and prior to December 16, 1916, no demand that it redeem was made by plaintiff upon the company. No notice was given by plaintiff or anyone in her behalf to the guarantors or either of them prior to February 1, 1915, nor prior to December 16, 1916, that there had been no redemption or that plaintiff desired to continue the stock beyond maturity. The company failed. Its affairs were wound up. Plaintiff has received nothing upon her stock since August, 1916. No demand for payment under the guaranty was made upon Corl during his lifetime.

A claim upon the guaranty was filed against the estate of Corl in the probate court for Wayne county and was disallowed September 13, 1920. The cause was appealed. There was judgment for the estate which plaintiff reviews on error. The trial judge said in an opinion filed:

"Guarantors have the right to impose any conditions or restrictions upon their guaranty that they see fit. Samuel S. Corl and Heber A. Knott guaranteed the payment of this stock to the claimant at maturity and that is all they did do. They did not unconditionally forever guarantee the payment of the principal of this stock, as they would have done if they had stopped at the end of the first sentence, but they go on and make this guaranty conditional, if the holder should desire to keep the stock beyond the maturity date, by providing that she shall give them sixty days' notice. That was inserted for the very purpose of limiting their guaranty.   *   *   *

"On account of this great length of time beyond the maturity date of the stock before plaintiff took any steps to collect either from the company or from the guarantors, the question of laches might be one to be considered if this was an unconditional guaranty. It is my opinion, however, that this guaranty was con-

ditional and limited as to time and only ran until the maturity date of the stock. When the claimant did not give the sixty days' notice provided for, and elected to hold and retain the stock beyond the maturity date, she, by that action of hers, released the guarantors from any further liability and elected to look to the company  *  *  *  for the payment of the stock."

Plaintiff contends that the condition of the guaranty is of no importance and should be held to be of no avail to defendant. But we think the rule as to that is well stated in 20 Cyc. p. 1447, under the subject of guaranty:

"The court will not dispense with that which the parties have agreed upon, or declare that to be immaterial which they have thought of sufficient importance to condition their contract upon."  *  *  *

Nor do we find a waiver of the condition by the guarantors. We think the quoted opinion of the circuit judge is sustained by the weight of authority. See 20 Cyc. pp. 1438, 1472; 1 Brandt on Suretyship and Guaranty (3d Ed.), § 106; *Columbus Sewer Pipe Co.* v. *Ganser,* 58 Mich. 385 (55 Am. Rep. 697) ; *Gard* v. *Stevens,* 12 Mich. 292 (86 Am. Dec. 52) ; *Grasser & Brand Brewing Co.* v. *Rogers,* 112 Mich. 112 (67 Am. St. Rep. 389) ; *Evansville Nat. Bank* v. *Kaufmann,* 93 N. Y. 273 (45 Am. Rep. 204) ; *Locke* v. *McVean,* 33 Mich. 473, 479; *Mathews* v. *Garman,* 110 Mich. 559, 560; *Morris & Co.* v. *Lucker,* 158 Mich. 518, 520; *Schoonover* v. *Osborne,* 108 Iowa, 453 (79 N. W. 263) ; *Schwab* v. *Bridge,* 27 Cal. App. 204 (149 Pac. 603).

Judgment affirmed.

WIEST, BIRD, and SHARPE, JJ., concurred with CLARK, J.

FELLOWS, C. J. (*dissenting*). I do not agree that the facts in the instant case bring it within the rules of law thought applicable by my Brother CLARK. By

the provision of the certificate of stock the company agreed to redeem the stock February 1, 1915, *i. e.,* the company agreed to pay the holder the par value of the stock on that date. Corl and Knott guaranteed the performance of this contract and it was agreed that if the holder desired to extend the stock (not the guaranty) beyond the date mentioned he, or she should give notice 60 days before such date. Patently to my mind this meant that if the holder desired to extend the stock, have it continued, keep it, 60 days' notice should be given; if the holder did not desire to keep the stock, to extend it, but wanted the money no notice was to be given. Plaintiff, the holder, gave no notice. She was, therefore, entitled to her money on February 1, 1915, and on the failure of the company to perform its contract her right of action against Corl and Knott then accrued. The only way pointed out by the agreement of the parties whereby the stock could be extended was by giving notice 60 days before the stock matured. Plaintiff did not give such notice, the stock was not extended, and Corl and Knott were not relieved from liability by an extension. Plaintiff was not required to give notice to hold the guarantors, but was to give notice only if she desired that the stock be extended. If plaintiff wanted her money and wanted to hold the guarantors to their contract she had but to remain silent. This she did. To my mind the case can not be distinguished from, but is controlled by, *Roberts* v. *Hawkins,* 70 Mich. 566. In that case, as in this, the guaranty was of payment; like this case interest was paid by the party primarily liable after the maturity of the obligation, and no notice was given the guarantor; likewise there, as here, the party primarily liable had become insolvent before the action was brought. It was there said:

218 Mich.—33.

"The position, however, of a guarantor of payment, as between him and the maker of the note, is that of a surety.    It is a common-law contract, and not a contract known to the law-merchant.    It is an absolute promise to pay if the maker does not pay, and the right of action accrues against the guarantor at the moment the maker fails to pay.    The guarantor would not be discharged by any neglect or even refusal on the part of the holder of the note to prosecute the principal, even if the maker was solvent at the maturity of the note, and subsequently became insolvent; and the fact that no notice of non-payment was given the guarantor at the maturity of the note, or at any time before bringing suit, would not affect the rights of the holder of the note against the guarantor.    The guarantor's remedy was to have paid the note, and taken it up, and himself proceeded against the maker."

I think the judgment should be reversed, with a new trial and with costs to plaintiff.

MOORE and STEERE, JJ., concurred with FELLOWS, C. J.

The late Justice STONE took no part in this decision.