GEORGE HIGGINS, RESPONDENT, v. FIDELITY-PHOENIX FIRE INSURANCE COMPANY OF NEW YORK, APPELLANT.

Submitted February 14, 1930—Decided October 20, 1930.

For the respondent, *A. Moulton McNutt.*

For the appellant, *French, Richards & Bradley.*

The opinion of the court was delivered by

KAYS, J. This is an appeal from a judgment entered in the Supreme Court on June 7th, 1929, in favor of the plaintiff below and against the defendant for the sum of $394.49. The action was brought to recover a loss sustained

by a fire in the garage of the said plaintiff. The contents of the garage was insured by a policy issued by the defendant. The case was submitted by the trial judge to the jury and resulted in a verdict in favor of the plaintiff. Judgment was entered thereon and the defendant has appealed to this court.

The first ground upon which we are asked to reverse this judgment, is that the trial court erroneously refused to direct a verdict in favor of the defendant at the close of the case. This motion was based on two grounds. The first ground was that the plaintiff failed to bring the action against the defendant company within twelve months after the fire occurred, as provided in the policy, and that if the said action was not brought within such time the liability of the company under the policy ceased. This ground was stated by counsel for the defendant in the following words: "I would like to move for the direction of a verdict for the defendant in this case, on the ground that as set forth in the second and third defense for the defendant in this case, the first one, in substance, being that no suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until full compliance by the assured with all the foregoing requirements, nor unless commenced within twelve months next after the fire." The second ground upon which this motion was based was stated by counsel as follows: "The third defense refers to the sixty-day period of filing the inventory and proof of claim. And also on the ground that the evidence discloses that Mr. Joyce was the agent in this matter for the plaintiff in the suit, and not for the defendant." Mr. Joyce, referred to in this motion, was the agent who issued the fire insurance policy to the plaintiff.

The proofs showed that the plaintiff applied to the above-mentioned Mr. Joyce for a policy insuring him against loss by fire to an extent of $2,500, and that Joyce issued the policy in accordance with the plaintiff's request. The proofs also showed that Joyce was an agent of the defendant company issuing its policies and had in his possession blank policies to be filled out by him and delivered to parties seeking insurance.

The proofs further showed that immediately after the fire occurred the plaintiff, Higgins, who had all his insurance policies issued by Joyce, notified Joyce of the fire. Joyce immediately went to the premises, where the fire had occurred, and with the assistance of the plaintiff made an inventory of the damaged goods and on that occasion had a conversation with the plaintiff regarding the settlement of the claim. The plaintiff relying on what Joyce had said at this interview failed to take any further steps, believing from the conversation with Joyce that the matter would be taken care of by him as the representative of the company, and that his claim of loss would be settled. The plaintiff saw Joyce from time to time and the latter told him that he had the matter well in hand. Acting on this information the plaintiff did not file any proof of loss or inventory as was required by the policy. He waited patiently for nearly two years and then finally was advised that the company did not recognize any obligation to pay him on the policy. Thereupon the plaintiff, Higgins, instituted this suit.

It is apparent from these proofs that Joyce was the representative of the defendant in dealing with this matter and that the plaintiff was justified in so believing. Assuming, however, that there is doubt as to whether Joyce was the representative of the company in this matter it clearly was not a question which could be settled by the trial court. The law is clear that where in a particular case the question arises as to whether the insurance agent, in the course of an attempted settlement, is acting as the agent of the company or as the agent of the insured depends upon the intention of the parties and is a question of fact to be determined by the jury. *Cheshansky* v. *Merchants' Fire Insurance Co.*, 102 *N. J. L.* 414. Counsel for the appellant argues that *Pamph. L.* 1911, *p.* 717, is not constitutional because it attempts to supplement an act which had been previously repealed, and further that even though the said act of 1911 was valid it was repealed by implication because it was repugnant to the act of *Pamph. L.* 1912, *p.* 524, and that this being so the plaintiff should have filed his inventory and proof of loss

within sixty days and was not required under the statute to wait until the same was demanded by the defendant. We do not think there is any merit in this contention. See *American Surety Co. et al.* v. *The Great White Spirit Co. et al.*, 58 *N. J. Eq.* 526; *Schmalz* v. *Wooley*, 57 *Id.* 303. Assuming, however, that counsel for appellant is correct, this matter was not made the basis of the motion for the direction of a verdict. In addition to the reasons above stated it is apparent that the appellant conceded its liability and was content to say that the only question in dispute was the amount of the loss. The matter ran along with negotiations between the agent, Joyce, and the defendant, the dispute being as above stated. The plaintiff was lulled into a state of mental security by the undertaking of the agent, Joyce, to take care of the loss and see that it was paid to him. This case is ·in line with the case of *Howard* v. *West Jersey, &c., Railroad Co.*, reported in 102 *N. J. Eq.* 517, and affirmed by this court in 144 *Atl. Rep.* 919 (not yet officially reported). It was held in that case that one cannot justly or equitably lull his adversary into a false sense of security and thereby cause his adversary to subject his claim to the bar of the statute of limitations and then be permitted to plead the very delay caused by his course of conduct as a defense to ·the action when brought. A principal cannot avail himself of the fruits of the activities of his agent and at the same time escape responsibility for the methods employed by the agent. We are of the opinion therefore for the reasons above indicated that the refusal of the trial judge to direct a verdict is not reversible error.

Other grounds of appeal argued are that because the respondent voluntarily filed proof of loss after the expiration of sixty days he therefore waived provisions of *Pamph. L.* 1911, *p.* 717, by filing such proof of loss without an extension of time being had from the defendant. We think there is no merit in this contention. Plaintiff further argues that certain parts of the charge of the trial judge were erroneous. These relate to the bringing of the suit after the twelve months' period had expired and to the filing of the inventory

after the sixty-day period had expired and as to whether the defendant was estopped from setting up this defense by reason of the acts of the agent, Joyce, in negotiating with plaintiff relative to the settlement for his loss. All of these questions have been discussed above and are without merit.

It is further argued that the trial judge improperly permitted the respondent to answer questions relative to his dealings and conversations with the agent, Joyce. We think that the trial judge properly admitted this evidence as it bore on the question as to whether or not Joyce was the agent of the respondent or the agent of the appellant, and this question was one which the jury should determine.

The last point argued is that the trial court should have granted the defendant's motion for a mistrial which was based upon the fact that counsel for the plaintiff asked the latter, when he was on the witness-stand, whether he did not receive a check for a part of his loss from some other insurance company which had given him a policy on the same property. This question was objected to by defendant's counsel and was not answered. The court remarked that it was immaterial. A motion was thereupon made by defendant's counsel for a mistrial. The trial judge refused to order a mistrial and properly so. If a trial lawyer asks an improper question obviously the judge is not required to order a mistrial. Moreover in this case the judge, in charging the jury, told them not to consider the questions asked by counsel which had no relevancy to the case.

The judgment under review is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, LLOYD, DALY, DONGES, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 12.

*For reversal*—CAMPBELL, CASE, BODINE, JJ. 3.