## NEW AMSTERDAM CASUALTY CO. v. BASIC BUILDING & LOAN ASS'N OF CITY OF NEWARK.

## BASIC BUILDING & LOAN ASS'N OF CITY OF NEWARK v. NEW AMSTERDAM CASUALTY CO.

Nos. 4687, 4708.

Circuit Court of Appeals, Third Circuit.

Sept. 9, 1932.

Arthur F. Egner (of Egner & Beatty), of Newark, N. J. (Lloyd G. Beatty, of Newark, N. J., of counsel), for New Amsterdam Casualty Co.

Harley, Cox & Walburg, of Newark, N. J. (Harry E. Walburg, of Newark, N. J., of counsel), for Basic Building & Loan Ass'n.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge.

These cases will be disposed of in one opinion, but considered separately.

## No. 4687.

In this case the defendant-appellant New Amsterdam Casualty Company executed its bond on January 14, 1928, in the sum of $8,000, insuring the plaintiff company against loss by the failure of its attorneys, Paul R. Silberman and Robert P. Silberman, doing business as Silberman & Silberman, faithfully to account for all moneys of the association which should come into their hands. They did not account for all the money that came into their hands, but converted it to their own use. Upon discovery of the defalcation, the plaintiff in due time called upon the surety to make good the loss to the extent of its bond, and upon its failure to do so, this suit was brought for the amount of the bond, the loss admittedly exceeding that amount.

The surety defended on the ground that proof of loss was not presented within the time required by the bond, but the learned District Judge held that this, under the facts of this case, did not constitute a defense, directed a verdict for the plaintiff, and entered judgment thereon from which the defendant appealed to this court.

The bond required "that claim, if any, be submitted by the employer in writing, showing the items and the dates of the losses, and delivered to the surety, at its home office, within three months after such discovery." The defendant contends that this requirement was not complied with and in consequence the plaintiff was not entitled to recover.

The bond was in force from January 14, 1928, to January 14, 1930. The loss was on two loans made on property at Rahway, N. J., of $5,000 each on August 23, 1928. It was discovered on March 1, 1929. On the same day the surety was notified by telephone, and on March 8, 1929, it was notified in writing. The time for filing claim with proof of loss under this bond, with the extensions granted, defendant says, expired on February 26, 1930.

On January 14, 1930, plaintiff filed a claim dated January 10, 1930, stating that it was made under the bond dated January 14, 1925, insuring the fidelity of Paul R. Silberman, Robert D. Grosman, and Charles M. Grosman. This claim referred to the losses sustained in December, 1927, on which the second suit is based.

On June 5, 1930, plaintiff sent a supplemental claim by mail to defendant at Baltimore in which it stated that a loss had occurred under both bonds; the one dated January 14, 1925, and extended to January 14, 1928, and the one in question here, dated January 14, 1928, and extended to January 14, 1930. There was no material change made in this supplemental claim. This claim was returned on June 17, 1930, by the defendant disclaiming any liability under the bonds.

The plaintiff says, in opposition to the contention that proof of loss was not filed in time, that proof of loss covering all losses was filed on January 14, 1930, which was within the extended time; that this proof of loss was legally adequate, but if it was deficient in form, this deficiency does not constitute a defense because the defendant had full knowledge of all the facts in the case, including the amount of loss.

On February 19, 1929, examiners of the Building and Loan Division of the Department of Banking and Insurance began an examination of the plaintiff association and upon the discovery of irregularities, on March 1, 1929, notified the defendant thereof by telephone. On March 8, 1929, Deputy Commissioner James H. McNish, head of the Building and Loan Division, wrote the defendant at its Newark office telling it of the "possible" and "expected" losses. The resident manager of the defendant, having charge of its Newark office, called at the office of the building and loan association and "went into the situation" with the examiners from the department. He made frequent calls at the office of the plaintiff company thereafter, examined all the bonds, documents, abstracts of title, and statements of losses, discussed with the examiners the estimated amount of the losses, the irregularities, and was told that his company would be expected to make good these losses. The information which the resident manager secured, he forwarded to the home office. So it appears that the defendant did have actual knowledge of the facts on which the claim and proof of loss was or would have been predicated and that this information was given to it as it was discovered.

There seems to have been co-operation on the part of the Department of Banking and Insurance and the defendant company "to obtain full restitution." It was for this purpose that extensions of the time in which

to file proof of loss were requested and granted. The purpose of the requirement in the bond that claim be made showing items and dates of losses was to enable the surety to protect itself against the defalcations of the insured. When the surety has actual notice and co-operates to protect itself against loss, it has, in fact, the information which the bond requires to be given it. In such case, the purpose of the provision in the bond has been accomplished. Formal proof of loss would not have added anything in this case to what the surety had already learned from the Department of Banking and Insurance, from the plaintiff company and from its own investigation and examinations. The utmost frankness and fair dealing prevailed between the defendant, on the one hand, and the department and plaintiff, on the other. There was no express waiver of the necessity of filing a claim, within time, showing the items and dates of loss, but waiver may be inferred from the acts of the parties, and under the circumstances of this case, failure to file formal proof of loss does not constitute a defense. Higgins v. Fidelity-Phoenix Insurance Co., 107 N. J. Law, 175, 151 A. 869; Hurt v. Employers' Liability Assur. Corp'n (C. C.) 122 F. 828; Larkin v. Glens Falls Insurance Co., 80 Minn. 527, 83 N. W. 409, 81 Am. St. Rep. 286; Montana Auto Finance Corp'n v. Federal Surety Co., 85 Mont. 149, 278 P. 116; Pennsylvania Fire Ins. Co. v. Dougherty, 102 Pa. 568; Simons v. Safety Mutual Fire Insurance Co., 277 Pa. 200, 120 A. 822; Fedas v. Insurance Company of the State of Pennsylvania, 300 Pa. 555, 151 A. 285. It is unnecessary, therefore, to consider the adequacy of the proof of loss and the time within which it should have been filed.

On a review of the entire case, we do not find that the learned District Judge committed error in directing a verdict, for it does not appear that the surety had a defense, and the judgment is affirmed.

### Case No. 4708.

This is an appeal from a judgment entered upon a directed verdict in favor of the New Amsterdam Casualty Company, hereinafter called the defendant, as it was in the District Court.

The suit was brought to recover $8,000 on a bond on which the defendant was surety. The condition of the bond was that the principals, Paul R. Silberman, Robert D. Grosman, and Charles M. Grosman, doing business as Silberman & Grosman, attorneys of the Peace Building & Loan Association, should faithfully execute and discharge all the duties of their office and faithfully account for all moneys of the association which should come into their hands and in all other respects perform their duties without loss to the association during the period the bond was in effect.

The term of office of the firm of Silberman & Grosman with the Peace Building & Loan Association began January 14, 1925, and continued until December 17, 1927, when the firm was voluntarily dissolved. No business was transacted in the name of the old firm of Silberman & Grosman after the dissolution. Several checks, however, for work done by the firm before its dissolution, were received and indorsed by Charles M. Grosman and deposited in the bank in the old account which had not yet been closed. But this did not constitute doing business by the firm, nor does it show that the firm was in existence and not dissolved in accordance with the terms of the written dissolution. The officers and directors of the building and loan association were notified of the dissolution. The firm stopped "pooling" its fees, stopped drawing salary from the association, and notified all its clients that the firm had been dissolved.

A new firm of Silberman & Silberman was formed by Paul R. Silberman and Robert P. Silberman on the dissolution of the firm of Silberman and Grosman. This new firm at once began to represent the association and represented it when the loss sought to be recovered by this suit occurred on or about December 27, 1927. At this time, the firm whose fidelity the bond in question insured having been dissolved, the principal on the bond was not in existence and so the firm was no longer attorney or counsel for the association.

The embezzlement or conversion charged was not committed by the firm whose fidelity the defendant insured. The bond was executed in the firm name of "Silberman & Grosman." The association could not substitute a new firm as its representative, without the consent or knowledge of the surety, and hold the surety liable on a bond executed by a different firm of attorneys even though one member of the old firm was also a member of the new firm. This must be true, for when a new member was added to the firm, a new entity was created whose fidelity the surety had not undertaken to insure. The learned District Judge properly directed a verdict for the defendant. There was no

other course open to him. In re Hallock (D. C.) 226 F. 821; Dupee v. Blake, 148 Ill. 453, 35 N. E. 867; Byers v. Hickman Grain Co., 112 Iowa, 451, 84 N. W. 500; Mathews v. Garman, 110 Mich. 559, 68 N. W. 243; 50 Corpus Juris 96, 97; 21 R. C. L. 1004.

The conclusion reached on this point renders it unnecessary to consider the other defenses raised. The judgment on this suit is affirmed.