THE COLUMBUS SEWER PIPE CO. v. AUGUST GANSER, CHAS. BRUNNER AND JOSEPH CUSSON.

*Commercial guarantee continuous or limited—Construction—Intention of sureties—Depositions.*

| | |
|---|---|
| 58 | 385 |
| 119 | 125 |
| 58 | 385 |
| s25NW | 377 |
| s55AR697n | |
| 131 | 2232 |
| 58 | 385 |
| f155 | 1252 |

1. Where it is doubtful whether a mercantile guaranty was meant to be continuing or limited, it is proper to show by a surety what was said, when it was executed, as to the time it should run, if such showing does not contradict its terms but aids in its interpretation.

2. Contracts are to be construed in the light of the circumstances under which they were made and the subject matter to which they relate.

3. A witness whose deposition has been admitted without objection may nevertheless be examined if present; waiver of the right to object to the deposition will not exclude his testimony.

4. Where the traveling salesman of a corporation has power to make a contract in its name, take payments thereon, receive a bond for its fulfillment and settle with the other party to the contract, his agency is sufficiently established to charge the corporation with notice of what was said and done in respect to liability on the bond at the time of the settlement.

5. A bond reciting that the principal "has arranged and is about to purchase on credit" certain goods, and declaring it to be void if he shall pay "for all goods purchased, or that he may hereafter purchase of [the obligee] according to the terms of purchase," otherwise to be "in full force and effect for the amount of his said indebtedness, not exceeding three thousand dollars" was *construed* as a commercial guaranty limited to the amount of a single purchase, or at most to what was necessary for the completion of a particular transaction to which the sureties understood the guaranty to relate. And they should have been allowed to show what credit was to be given, and what were the terms of the purchase as understood by them at the time the bond was given.

6. A guarantor is not liable beyond the express terms of his contract; but in the case of commercial guarantees drawn by artless persons, unlearned in the law, the terms are not to be construed technically to the disadvantage of the sureties and contrary to their intent.

Error to Bay. (Green, J.)    Oct. 28.—Nov. 4.

Assumpsit.   Defendants bring error.   Reversed.

*A. McDonell* for appellants. Where the time for which a bond is to run is uncertain the courts construe it to be a reasonable time: *Cremer v. Higginson* 1 Mas. 335; *White v. Reed* 15 Conn. 457; parol testimony is admissible to apply the instrument to the subject matter: *Coleman v. Post* 10 Mich. 422; *Bennett v. Beidler* 16 Mich. 150; *Bowker v. Johnson* 17 Mich. 42; *Kimball v. Myers* 21 Mich. 276; *Hyler v. Nolan* 45 Mich. 357; *Lee v. Wisner* 38 Mich. 87; and contemplated circumstances may be shown: *White Sewing Mach. Co. v. Mullins* 41 Mich. 341; notice to an agent of anything connected with the business in which he is employed is notice to the principal: *Astor v. Wells* 4 Wheat. 466; *Bracken v. Miller* 4 W. & S. 102; *Reed's Appeal* 34

Penn. St. 207; *Jackson v. Sharp* 9 Johns. 162; Wade on Notice § 672.

*Hatch & Cooley* for appellee.  If a guarantor wishes to limit his obligations to a single transaction he should so express himself: *Tootle v. Elgutter* 14 Neb. 158; *Hatch v. Hobbs* 12 Gray 447; *Rapelye v. Bailey* 5 Conn. 149; *Bentz Estate* 14 Phil. 258; *Young v. Brown* 53 Wis. 333; *Pratt v. Matthews* 24 Hun 386; *Bishop v. Alcott* 21 Hun 253; authority to sell for money does not authorize a barter (*Trudo v. Anderson* 10 Mich. 357; *Kent v. Bornstein* 12 Allen 342; *Victor Sewing Mach. Co. v. Heller* 44 Wis. 265); nor a sale on credit (*Wiltshire v. Sims* 1 Camp. 258); nor does authority to take orders include receiving payment, or to sell at one place, selling at another (*Catlin v. Bell* 4 Camp. 183; *Kornemann v. Monaghan* 24 Mich. 36); nor to buy for cash, a purchase on credit: *Stubbing v. Heintz* 1 Peak N. P. 47; nor to collect a debt, an extension of time: *Hutchings v. Munger* 41 N. Y. 158; see *Bowen v. Sch. Dist.* 36 Mich. 149; *Stilwell v. Mut. L. Ins. Co.* 72 N. Y. 385; *Diversy v. Kellogg* 44 Ill. 114; Ewell's Evans on Agency 164.

SHERWOOD, J.  This is an action of assumpsit brought by plaintiff to recover an amount claimed to be due to the company upon a certain bond executed by defendants to the plaintiff, on the 24th day of May, 1882, in which defendants Brunner and Cusson were sureties, the bond being a mercantile guaranty to secure to the plaintiff the purchase price of sewer-pipe purchased by defendant Ganser, and which reads as follows:

"Know all men by these presents, that we, August Ganser, Joseph Cusson and Charles Brunner, of Bay City, and Bay county, Michigan, are held and firmly bound unto the Columbus Sewer-pipe Company, a corporation duly organized under the laws of Ohio, of Columbus, Franklin county, Ohio, in the sum of three thousand ($3000) dollars, for the payment of which well and truly to be made we hereby jointly and severally bind ourselves.  Signed, sealed and dated this 24th day of May, A. D. 1882.

The condition of this obligation is such that, whereas the said August Ganser has arranged and is about to purchase on credit sewer-pipe of said Columbus Sewer-pipe Company: now, if the said August Ganser shall well and truly pay said

Columbus Sewer-pipe Company for all goods purchased, or that he may hereafter purchase, of them, according to the terms of purchase, then this obligation to be void, otherwise in full force and effect for the amount of his said indebtedness not exceeding three thousand dollars."

The declaration contains a special count upon the bond, also the common counts. The defendant, one of the sureties, appeared and pleaded the general issue. The record shows a trial by jury was had in the Bay circuit, and a judgment was rendered in favor of the plaintiff for $1773.52 damages. Defendant brings error.

The plaintiff claims the bond sued upon contains a continuing guaranty, subject to termination by notice from sureties. Counsel for defendant, on the other hand, insist that the same was limited to the purchases then made, or soon thereafter to be made, for the purposes of the work then about to be undertaken by Ganser, which was the purchase price for a sufficient amount of pipe necessary to the completion of a sewer in First street, in Bay City, and that the obligation of the sureties was therefore not a continuing one. The bond not being specific as to the length of time the liability of the sureties should continue, or as to the amount of material they intended to give their obligation for, the defendant, for the purpose of aiding the court in giving the proper construction to their contract in these particulars, proposed to show by Mr. Brunner when he was upon the stand as a witness the circumstances under which the sureties signed the bond, and for that purpose asked the witness the following question: "When you signed that bond, what, if anything, was said as to the time that the bond was to run?" This was objected to by plaintiff's counsel as incompetent and immaterial. Counsel for defendant then stated to the court: "I offer to show that at the time the bond was executed it was done with the express understanding between the parties that it was to be good for the sewer pipe which was to be furnished for the First street sewer only. I propose to show that that was the condition upon which the bond was executed and delivered. I want to show

the time for which it was to run." The court ruled, "That must be determined from the bond itself and the subsequent circumstances," and sustained the objection.

We think the court erred in this ruling. The testimony was competent for the purpose offered. Their responsibility was given to the plaintiff to secure it in a limited amount to aid Ganser in the purchase of materials necessary to the completion of a certain work, and if this were true it certainly would have aided the court and jury, not only in ascertaining the time the bond would run, but also the extent of the sureties' liability thereon, without in any manner changing or modifying the terms or condition of the bond. All contracts are to be construed in the light of the circumstances under which they are made, and this is no infringement of the rule that parol contemporaneous evidence is inadmissible to contradict or vary the terms of a written instrument. Showing the circumstances under which the contract is made, and the subject-matter to which it relates, does no more than aid the court and jury to better understand the true sense in which the words are used and understood by the parties. If this were not permissible, great injustice would frequently be done after the most diligent effort and best consideration that possibly could be given to the subject. There was no error in allowing the witness Sturgeon to be sworn and examined after his deposition had been read by consent of defendants' counsel. If the deposition, under the circumstances, had been objected to at the proper time the objection would have been good. The waiver of that right furnished, however, no ground for excluding the witness if present when his testimony was needed. Ganser settled up with Sturgeon for all his indebtedness to the company to May 20, 1883, and paid the company in full; and it was conceded at the circuit that at the time of the settlement no liability of the defendant Brunner existed upon the bond for anything that had been purchased up to that date, and it further appears that the liability claimed arose after that date, and not for anything purchased for First street sewer. It is unnecessary to discuss the exception taken to the charge

of the court relating to the implied notice given to Sturgeon of Brunner's non-liability for further purchases made of the plaintiff by Ganser, although we think the treatment of that subject as presented in the charge was not without damaging effect to the interest of defendants before the jury. It contained and submitted facts to be passed upon not contained in the evidence, and required them to find too much to constitute notice that Brunner terminated his liability upon the bond. The bond declared upon was made on the 24th day of May, 1882. The bond was required, and the business relating thereto and connected therewith was all done by one Charles Sturgeon, who was an agent for the plaintiff in this State. The plaintiff was a foreign corporation existing under the laws of the state of Ohio. The record shows Sturgeon was its agent and traveling salesman. He not only made the company's contract with the defendant Ganser, but took payments thereon. On the 20th day of May, 1883, he made a settlement with Ganser, and the latter paid to Sturgeon his entire indebtedness to the company. And it was conceded in the court below that all liability that had been incurred up to that time was fully settled; that if any pipe was contracted for after that time it was not for First street sewer; and it is claimed by defendants, and we think correctly, that the agency of Sturgeon thus established was sufficient to authorize them to regard him as the authorized representative of the company in what was done and said at the time of the settlement in the presence of Sturgeon, and that it was bound by his acts and omissions.

The important question in the case is raised by the defendants' fourth assignment of error, wherein the learned circuit judge gave his construction of the contract between the parties. Upon this subject he charged the jury as follows: "Now I give you gentlemen, as the legal construction of this instrument, that this was a continuing obligation of these parties to be responsible to this company, not exceeding three thousand dollars, for any indebtedness that might exist for sewer-pipe purchased on the credit of Ganser until it should be revoked,—until their obligation should be revoked

by some notice to the company that they would be no longer responsible." We are not able to agree with this construction. A guarantor is not liable beyond the express terms of his contract. *Dustin v. Hodgen* 47 Ill. 125; *Omaha Nat. Bank v. First Nat. Bank* 59 Ill. 428. This guaranty belongs to the class known as commercial guaranties; which are frequently given without much care as to the language used, as they are usually written by business rather than legal men. Technical nicety should not, therefore, be applied in their construction. A wide latitude should be allowed in their interpretation, and in discovering the intention of the parties. The rights of sureties are always favored in the law, and persons standing in that relation in this class of obligations will not be held, unless an intention to bind themselves is clearly manifested. Their intentions are alone to govern when once ascertained, and when there is difficulty in giving a satisfactory interpretation of the language used it is the duty of the court to allow every circumstance that can be legitimately brought to bear upon the question to be made use of in discovering the real purpose of the parties. The language used in the bond is not entirely free from doubt and uncertainty. A discussion of the authorities upon the point would aid but little in the solution of the questions involved, they are so conflicting. Similar questions, or the same, perhaps, under similar circumstances, have been several times before the Supreme Court of this State. See *Farmers' & Mechanics' Bank v. Kercheval* 2 Mich. 505; *Gard v. Stevens* 12 Mich. 292; *Jeudevine v. Rose* 36 Mich. 54; *Crittenden v. Fiske* 46 Mich. 70. And while no general rule can be adopted which will apply to every case, and the construction to be given in each must necessarily depend largely upon varying circumstances, still we think we may safely say that " such effect must be given to the instrument as will best accord with the intention of the parties as manifested by its terms taken in connection with the subject-matter and the surrounding circumstances. 2 Pars. Cont. 21, note; *Boston Hat Manuf'g Co. v. Messinger* 2 Pick. 228; *Dobbin v. Brad-*

*ley* 17 Wend. 424; *Lombard v. Fiske* 24 Me. 64; *Garrett v. Wood* 3 Kan. 232.

Applying this rule to the case before us, we are unable to hold the guaranty in question a continuing one. The amount for which it was given is clearly limited. The fact that moneys guarantied to the plaintiff were to be for the purchase price of sewer-pipe, and the amount of pipe then contemplated by the parties to be used would necessarily limit the extent of the indebtedness to be incurred by Ganser, and which was intended by the parties to be secured by the guaranty made; and when the defendants obligated themselves to " pay for all goods purchased, or that he [Ganser] may hereafter purchase, according to the terms of purchase," we think that no more than a single purchase was then contemplated by the parties; or if more than one purchase was in their minds, or anticipated by either of them, the amount of the several purchases was to be no more than was necessary for the completion of the contract for the building of First-street sewer. This, we think, is a reasonable deduction from the language used by the parties in the instrument, read in the light of the circumstances under which it was made, appearing in the record, and in the admissible testimony offered in the case. It will be noticed that the bond states that Ganser had arranged for the credit, and was about to make the purchase at the time the guaranty of the sureties was executed; but what credit was to be given, and the terms of the purchase, as understood by the parties at that time, were excluded from the jury. This testimony, undoubtedly, would have relieved the question of construction of the bond from all embarrassment, and as we have before said, should have gone to the jury.

For this, and the other errors noticed, the

Judgment must be reversed and a new trial granted.

MORSE, C. J., and CAMPBELL, J. concurred.

CHAMPLIN, J. When the minds of parties entering into a contract have met and the obligations assumed are evidenced by writing which is free from ambiguity, the intent of the

parties, whether sureties or not, must be gathered from. the instrument itself. Such a contract cannot be varied or altered by parol evidence, or by proof of surrounding circumstances. It is only when the contract is open to interpretation, and the true meaning obscure or uncertain, that the law favors sureties by giving to such contract a construction most favorable to them. There is no ambiguity in the bond declared on in this case. To my mind it plainly appears from the face of the writing that the undertaking was a continuing guaranty for all indebtedness arising from purchases thereafter made upon credit to the extent of $3000, and there is nothing in the writing that limits the credit to be given and guarantied to a single purchase of $3000, or that shows any intent that the liability of the guarantors should cease when that amount in value of sewer-pipe had been purchased upon credit. The guaranty is of the *amount of the indebtedness not exceeding* $3000. I think the circuit judge was right upon this question. The sureties had a right under their contract to terminate their liability at any time as to any future sales, and I think it competent for them to give such notice to an agent of plaintiffs who had authority to sell pipe to their principal.

For rejecting the testimony offered to prove notice to the agent I concur in a reversal.