R. L. POLK PRINTING CO. *v.* SMEDLEY.

1. GUARANTY — CONTRACTS — AMBIGUITY — PAROL EVIDENCE — ADMISSIBILITY — FUTURE ACCOUNTS — DIRECTING VERDICT.

   Where a contract of guaranty is ambiguous, parol evidence is admissible to explain it; and where the undisputed evidence showed that the guaranty was made to cover a future indebtedness, the trial court properly directed a verdict for the amount unless it appeared upon the record that it had been paid.

2. PAYMENT — APPLICATION — RUNNING ACCOUNTS — GUARANTY.

   Where payments are made and credited generally upon an account, they will, in an action against a surety, be applied upon the indebtedness in the order of the creation of the several items; and, where the evidence shows that plaintiff kept a running account with the firm, an item of which account had been guaranteed by defendant, and that subsequent payments had been made more than the item sued upon, the defendant was entitled to a judgment in his favor

Error to Wayne; Mandell, J. Submitted November 16, 1908. (Docket No. 69.) Decided December 21, 1908.

Assumpsit by the R. L. Polk Printing Company against John H. Smedley on the guaranty of the payment of a printing contract. There was judgment for plaintiff on a verdict directed by the court, and defendant brings error. Reversed, and no new trial ordered.

*Maybury, Lucking, Emmons & Helfman,* for appellant.

*George W. Bates,* for appellee.

The plaintiff conducted a printing business in the city of Detroit. The Sail & Sweep Publishing Company published a magazine known as "Sail & Sweep." The printing was done by the plaintiff. The plaintiff had an unpaid account against the Sail & Sweep Publishing Company on June 15, 1904, amounting, as is claimed, to $2,888.55. The Sail & Sweep Publishing Company desired plaintiff to print its July magazine. Some negotiations at this time were entered into between Mr. Lloyd, the manager of the plaintiff, and the defendant Smedley, looking to some security for the account. Lloyd died before this suit was tried. Consequently under the statute Mr. Smedley cannot testify to what took place between them. The result of the negotiations was that on June 15, 1904, defendant Smedley sent to plaintiff the following letter:

"Mr. CHARLES W. LLOYD,
            "Detroit, Mich.
    "*Dear Sir:* Mr. Van Fleet this morning spoke to me concerning the Sail & Sweep Publishing Co.'s account with your firm. At present the directors of the company have a plan under way for taking care of your account, but we will be delayed for a short time because of the absence of Mr. Franklin H. Walker, of this city. In the meanwhile, in order that you may not feel alarmed, I, personally, will guarantee the account, although I pre-

sume you know that your account is fully covered by stock liabilities of the stockholders of the company.

"Very truly yours,

"John H. Smedley."

After this letter was written, plaintiff printed the July magazine, the cost of which was $486.24. It continued to publish other numbers into 1905. On January 14, 1905, the indebtedness of the Sail & Sweep Publishing Company to plaintiff being $3,318.87, the Sail & Sweep Publishing Company gave plaintiff a 90-day note, guaranteed by defendant Smedley and one Murray, which note is now in suit pending in this court. The court, upon the ground that the contract was ambiguous, permitted parol evidence to show the intention of the parties; the plaintiff contending that it was a continuing contract covering the past and future accounts, the defendant contending that it covered only the cost of publishing the July number of the magazine. The court directed a verdict for this amount, with interest.

Grant, C. J. (*after stating the facts*). It is urged on the part of the plaintiff that this was a continuing guaranty, covering both past and future indebtedness, that such is the plain intent appearing upon the face of the guaranty, and that therefore parol evidence of conversations at and prior to the time of its execution and of the surrounding circumstances is inadmissible as tending to change the plain terms of the contract. This contention cannot be maintained. The contract is ambiguous. It is impossible to tell to what account it referred. If the guaranty included solely a pre-existing account, it was without consideration and void. 1 Brandt on Suretyship & Guaranty (3d Ed.), § 97, and authorities cited; *Walrath* v. *Thompson*, 4 Hill (N. Y.), 200. If it referred to a future account, or if it included the past and also a future account, there would be a valuable consideration for the promise of guaranty. Parol evidence was therefore admissible to explain the ambiguity, and determine

what account was intended to be covered by the guaranty. *Columbus Sewer Pipe Co.* v. *Ganser*, 58 Mich. 385; *Walrath* v. *Thompson*, supra; *White's Bank of Buffalo* v. *Myles*, 73 N. Y. 335; 1 Brandt on Suretyship & Guaranty (3d Ed.), § 97. The mouths of the two persons, Mr. Lloyd and Mr. Smedley, who made the contract, being closed by the death of one, we must look to find other evidence of what the parties intended. Persons are presumed to know the law, and we cannot, therefore, assume that the parties to this contract intended to include only an account wholly pre-existing, and thus make a void contract.

One Fred Van Fleet was at the time of the transaction connected with the Sail & Sweep Publishing Company. He saw Mr. Lloyd, the manager of the company, about the publication of the July number. He testified that Mr. Lloyd asked to be secured, not for the old account, but for the expense of publishing the July number, before he published it; that witness went to see Mr. Smedley; that while in Mr. Smedley's office Mr. Smedley had a telephonic conversation with Mr. Lloyd; and that, after this conversation, Mr. Smedley agreed to take care of the bill for publishing the July number. This is the only testimony of any probative force to show the intent of the parties, except that the plaintiff in January following took a guaranty for $2,800 from Smedley and Murray. There is nothing in the record to impeach or cast discredit upon the testimony of Mr. Van Fleet. We think, therefore, that the trial judge was correct in holding that the guaranty covered only the expense of the July issue, and that he was correct in directing a verdict for that amount, unless the record showed that the amount had been paid. Was it paid? The answer to that question depends upon how payments subsequently made should be applied. Plaintiff made no election. It kept a running account with the Sail & Sweep Publishing Company, charging it in the continuous account for work done, and crediting it on the same account with payments. Such was the status

when this suit was commenced.   We held in *Grasser &
Brand Brewing Co.* v. *Rogers*, 112 Mich. 112, that,
where payments are made and credited generally upon an
account, they will, in an action against a surety, be applied
upon the indebtedness in the order of the creation of the
several items.   See, also, *Gard* v. *Stevens*, 12 Mich. 292.

Applying this rule—and we see no occasion to depart
from it—the plaintiff's account, guaranteed by the defend-
ant, was paid, and he was entitled to have a verdict in
his favor.   For this reason, the judgment will be reversed,
and no new trial ordered.

BLAIR, OSTRANDER, and BROOKE, JJ., concurred.
MONTGOMERY, J., concurred in the result.