RICHARD v. LEE.

FRAUDS, STATUTE OF—WRITTEN LEASE—AMBIGUITY—PAROL TESTI-MONY—GUARANTY.

> In an action against the guarantors of a lease where the undertaking was, in case of any default, "to pay  *  *  *  all rent and arrears thereof that may be due and fully satisfy the conditions and provisions of said instrument and to pay all damages that may accrue by reason of the nonfulfillment thereof; providing that in no case shall the liability of the undersigned exceed the sum of $2,000," parol evidence was inadmissible to prove that it was the first $2,000 that was guaranteed; the instrument being unambiguous, plaintiffs were entitled to a directed verdict.

Error to Jackson; Williams, J. Submitted January 14, 1919. (Docket No. 32.) Decided April 3, 1919.

Assumpsit by Julia B. Richard and another against James E. Lee and others upon a guaranty for the payment of rent. Judgment for plaintiffs on a directed verdict. Defendants bring error. Affirmed.

*Richard Price* and *Robert A. Smith,* for appellants.

*Lyman B. Trumbull,* for appellees.

See note in 17 L. R. A. 270.

Plaintiffs are devisees and legatees under the last will and testament of William A. Richard, deceased, who in his lifetime, through his agent, one Kennedy, executed a lease to the interpleaded defendant, the Jackson Cover & Bag Company, covering a certain building in the city of Jackson. The lease was in writing and on the back of the contract there was indorsed at the time of its execution and delivery the following undertaking, signed by defendants, Lee, Smith and Welcome:

"In consideration of the letting of the premises in the foregoing instrument described, and for the sum of one dollar, to us paid, we do hereby become sureties for the punctual payment of the rent and performance of the covenants in said instrument mentioned, to be paid and performed by the party of the second part therein named; and if any default shall at any time be made therein, we do hereby promise and agree to pay unto the party of the first part named in said instrument, the said rent and arrears thereof that may be due, and fully satisfy the conditions and covenants of said instrument, and to pay all damages that may occur by reason of the nonfulfillment thereof. Provided, that in no case shall the liability of the undersigned guarantors exceed the sum of two thousand dollars.

"Witness, our hands and seals, this........day of
..................19....

"JAMES E. LEE, (Seal)
"ROBT. A. SMITH,
"L. R. WELCOME."

Plaintiffs brought suit on the undertaking against the three signers thereof at a time when the interpleaded defendant had paid in rent the sum of $2,381.69 and was in default under the terms of the lease in the sum of $621.64. Defendants entered a plea of the general issue with notice thereunder to the effect that upon the trial they would prove that the words constituting the proviso at the end of said guarantee:

"were written into the printed form and signed by this defendant and the other guarantors, it being the intention of all the parties, by the use of those words, that the guarantors thereby guaranteed the payment to the lessor of two thousand dollars ($2,000) of the rent to be paid by the lessee to the said lessor for the term mentioned in the said lease, and said plaintiffs are now putting a wrong construction upon the words of the guaranty, and one which was not in the minds of the parties at the time that the said guaranty was signed."

Upon the trial counsel for the defendants claimed that the language of the writing relied upon by plaintiffs was ambiguous and offered proof tending to show that prior to its execution the agent of the then owner who was about to make repairs upon the building in question amounting to upwards of $1,000, insisted that a certain amount of the rent should be guaranteed in case the interpleaded defendant failed to occupy the premises for the term reserved. The court after argument upon the question of ambiguity and the right of the defendants to introduce parol testimony touching the terms of the agreement, held that the writing in question was unambiguous; that parol testimony was inadmissible to vary its terms and directed a verdict for the plaintiff in the sum of $639.77, that being the amount of unpaid rent with interest, to date of the verdict. Defendants in this court have assigned error upon both rulings.

BROOKE, J. (*after stating the facts*). We find ourselves entirely unable to agree with the contention of defendants' counsel that the liability of the guarantors is limited by the terms of the contract to the first $2,000 of rent accruing thereunder. The primary liability for the payment of the rent was assumed by the lessee. The obligation of the guarantors is not to pay any particular installment of the rent, but to pay:

"said rent and arrears thereof that may be due and fully satisfy the conditions and provisions of said instrument and to pay all damages that may accrue by reason of the nonfulfillment thereof."

No liability fell upon the guarantors until default on the part of the lessee but upon such default the liability of the guarantors attached. The only limitation upon defendants' liability was that it should in no event exceed the sum of $2,000.

We are of opinion that the writing in question is as plain and unambiguous as language can well make it and quite agree with the construction placed thereon by the learned circuit judge. Being unambiguous, it is elementary that parol evidence may not be introduced to vary its terms. We have examined the authorities cited by counsel for defendants and find that they do not affect the conclusion above stated.

The judgment is affirmed.

BIRD, C. J., and MOORE, STEERE, FELLOWS, STONE, and KUHN, JJ., concurred. OSTRANDER, J., did not sit.