## S.F.A. STUDIOS, INC., *v.* DOCHERTY.

1. JUDGMENT—SUMMARY JUDGMENT—ORAL MOTION—COURT RULES.
   Summary judgment for defendant entered on oral motion at close of plaintiff's opening statement without presentation of affidavit by defendant *held*, error for noncompliance with common pleas court rule providing that court may enter judgment for defendant upon his showing by affidavits or depositions that there is no question of fact to be determined by court or jury (Common Pleas Court Rule No 21, § 7).

2. CONTRACTS—IMPLIED AGREEMENT—WRITTEN AGREEMENT—ADVANCES TO SALESMAN.
   An implied agreement to return excess advances does not alter or change and is not inconsistent with a written agreement between employer and salesman employee to advance money against commissions.

3. SAME—PAROL EVIDENCE—PURPOSE.
   The parol evidence rule is not designed to preclude proofs of other agreements between the parties not expressed in the writing or inconsistent with it.

4. EVIDENCE—VARYING WRITTEN INSTRUMENTS.
   The true contract between the parties to a controversy may be shown by other evidence if a writing introduced does not embody the entire contract as the rule excluding evidence to vary a written instrument is then inapplicable.

5. JUDGMENT—SUMMARY JUDGMENT—ADVANCES AGAINST COMMISSIONS.
   Summary judgment for defendant entered at close of plaintiff's statement in action to recover advances made to defendant, a former employee, under agreement that plaintiff would

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 5]  53 Am Jur, Trial § 327 *et seq.*
[2]  17 Am Jur 2d, Contracts §§ 254, 255.
[3]  30 Am Jur 2d, Evidence § 1049 *et seq.*
[4]  30 Am Jur 2d, Evidence §§ 1016, 1047.

advance defendant $200 per week against commissions, on
theory that there was no implied agreement to repay advances
in excess of commissions earned, as a matter of law, *held*,
error since there was nothing inconsistent between express
agreement to make advances against commissions and implied
agreement to repay advances in excess of commissions.

Appeal from Common Pleas Court of Detroit,
Connolly (John W.), J.   Submitted Division 1 April
3, 1968, at Detroit.   (Docket No. 2,595.)   Decided
June 27, 1968.

Complaint by S.F.A. Studios, Inc., a Michigan cor-
poration, against James Docherty to recover ad-
vances paid to defendant resulting in overpayment.
Summary judgment for defendant.   Plaintiff ap-
peals.   Reversed and remanded for trial.

*R. Ian Hunter* (*Matheson, Dixon & Bieneman,* of
counsel), for plaintiff.

J. H. GILLIS, P. J.   Plaintiff S.F.A. Studios, Inc.,
instituted this action in the common pleas court for
the city of Detroit to recover advances made to
defendant, a former employee, claimed to have been
in excess of commissions due him.   The declaration
set out the allegations that defendant was employed
as a sales representative and was to receive a per-
centage of the value of the billings he procured.
Different commission rates on various kinds of work
were agreed upon and made part of the written
agreement between the parties, a copy of which
was affixed to the declaration and made part of
this record.

Aside from the commission schedule, the only
other portion of the agreement relative to defend-
ant's compensation provided that "S.F.A. Studios,

Inc., will advance $200 per week paid weekly against commissions starting May 26, 1964."

The declaration alleges that the parties so performed until the arrangement was terminated by defendant on or about July 16, 1965. At that time, it is claimed, the moneys advanced under the agreement exceeded the commissions due by $2,018.30. Plaintiff seeks return of this "overpayment" based on the implied understanding that defendant was receiving merely advances against earnings and that his only compensation would be the commissions earned, thereby giving rise to the understanding that he would, on termination, be entitled to any difference in his favor or be obligated to return overpayments of advances.

In his answer, defendant asserts that the aforementioned writing "is not the complete agreement which the parties entered into." Generally, it was denied that plaintiff was entitled to relief.

The case proceeded to trial on the pleadings as indicated and, in essence, plaintiff's opening statement was a recital of the contents of the allegations made, and a statement of plaintiff's theory of the case, the existence of the implied understanding.

At the close of plaintiff's statement, defense counsel moved for summary judgment apparently on the basis of no material issues of fact (Common Pleas Court Rule No 21, § 7). Defendant argued, and the trial court was so persuaded, that as a matter of law an advance was not a loan subject to repayment without an agreement to that effect, and that the parol evidence rule precluded plaintiff from introducing such an implied provision to the derogation of the unambiguous writing.

The trial court erred in granting the motion and the cause must be remanded for a trial.

Section 7 of Rule No 21 of the common pleas court provides, in pertinent portion:

"In any action at law, the defendant may, after issue is joined, move the court for entry of judgment in his favor upon showing by affidavits or depositions filed in the cause that there is no question of fact to be determined by the court or jury, and that he is entitled to a judgment in his favor. Before judgment is entered, the plaintiffs shall be given a reasonable opportunity to obtain and file affidavits and depositions controverting the facts set forth in the affidavits or depositions filed by the defendant."

The trial court, by entertaining the oral motion and allowing it to be brought without affidavit, deposition or any sworn statement, failed to comply with the terms of Rule No 21.

Moreover, we cannot agree that, as a matter of law, an implied agreement to return excess advances alters, changes, or is inconsistent with a written agreement to advance money against commissions. The two agreements may perfectly logically coexist without impinging on each other's terms. The parol evidence rule is not designed to preclude proofs of other agreements between the parties not expressed in the writing or inconsistent therewith. A thorough review of this principle is found in *Massachusetts Bonding & Insurance Co.* v. *Transamerican Freight Lines, Inc.* (1938), 286 Mich 179, 198, citing in particular the rule expressed in *Coverdill* v. *Seymour* (1900), 94 Tex 1, 8 (57 SW 37, 39):

"It is sometimes the case that the writing represents only a part of the contract, the other parts being expressed orally; and in such cases, those parts not reduced to writing which are consistent with the writing, may be shown."

As set up in the declaration and answer, and in plaintiff's counsel's opening statement, this is properly such a case, there being nothing inconsistent

with the express agreement to make advances against commissions and the implied agreement to repay advances in excess of commissions due. Plaintiff should have been given the opportunity to present its case.

Reversed and remanded for trial. Costs to appellant.

FITZGERALD and McGREGOR, JJ., concurred.