## T W HAGER LUMBER COMPANY v SULLIVAN

Docket No. 78-1778. Submitted May 3, 1979, at Grand Rapids.—Decided August 20, 1979. Leave to appeal applied for.

Defendant, Michael Sullivan, was employed as a salesman by plaintiff, T. W. Hager Lumber Company, from January of 1974 to January of 1977. Each year defendant was given an advance against future commissions. Out of this advance defendant was expected to pay his own expenses, income taxes and social security taxes. At the beginning of 1977, defendant received an annual advance of $27,500. Before the end of January, 1977, the defendant terminated his employment with the plaintiff and went to work for another lumber company. There was no express agreement between the parties as to what would happen regarding advances in excess of earned commissions at the termination of the relationship. Upon leaving the plaintiff's employment, the defendant signed a note agreeing to repay the plaintiff the amount by which the defendant's annual advances exceeded his commissions earned. At that time the amount was in excess of $19,000. Subsequently, the plaintiff brought an action to recover the amount owing. By the time of trial, the amount had been reduced to $16,042.39, through credits to defendant's account. A judgment for plaintiff was entered by the Kent Circuit Court, George R. Cook, J. The defendant appeals, alleging that an agent is not personally liable for advances made to him in excess of commissions earned, in the absence of an express agreement to the contrary. *Held:*

An implied agreement is sufficient to make the defendant liable for repayment. In this case, convincing circumstances existed upon which the trial court based its finding that an implied agreement did exist.

Affirmed.

MASTER AND SERVANT — ADVANCES — REPAYMENT OF EXCESS ADVANCES — IMPLIED AGREEMENT — CONVINCING CIRCUMSTANCES.

An implied agreement between an employer and an employee is

REFERENCES FOR POINTS IN HEADNOTE

53 Am Jur 2d, Master and Servant § 74.

Personal liability of servant or agent for advances or withdrawals in excess of commissions earned, bonus, or share of profits. 32 ALR3d 802.

sufficient to render an employee personally liable to his employer at the time of the termination of the employment relationship for advances paid to the employee in excess of commissions earned; however, convincing circumstances are required to uphold a finding of an implied agreement.

*Warner, Norcross & Judd* (by *Edward Malinzak* and *David W. Crooks),* for plaintiff.

*Miller, Johnson, Snell & Cummisky* (by *Jon R. Muth* and *Carol J. Karr),* for defendant.

Before: MACKENZIE, P.J., and D. E. HOLBROOK, JR. and CYNAR, JJ.

D. E. HOLBROOK, JR., J. In January, 1974, defendant became a salesman for plaintiff. He had previously been an employee of plaintiff in a number of salaried positions. Defendant was given an advance of $27,500 per year. He also received commissions equal to 50 percent of gross profit on sales made by him. Out of the advance and the commissions he paid his own expenses, withholding taxes and social security taxes. Although the annual advance was agreed to by plaintiff, the defendant pretty much set the amount. There was no written contract between the parties and no discussion as to what would happen in the event of termination of the relationship because, as defendant stated, he never contemplated termination. In January of 1977, defendant left plaintiff and went to work for another lumber company. Upon leaving plaintiff the defendant signed a note agreeing to repay plaintiff the amount by which his annual advances exceeded his commissions earned, which at the time was $19,545.63. This amount was subsequently reduced to $16,042.39, through credits to defendant's account, by the time of trial.

The trial court found an implied promise on the part of the defendant to repay plaintiff the amount by which defendant's annual advances exceeded commissions earned. The trial court predicated its reasoning primarily upon the fact that defendant never reported any of his advances on his income tax returns and the note executed by defendant to plaintiff at the time that their association was terminated. Judgment was accordingly entered in favor of plaintiff in the amount of $16,042.39. It is from this judgment that defendant appeals as of right.

On appeal defendant claims that there must be an express agreement to repay before he can be held liable. He specifically asks this Court to adopt the Wisconsin view set forth in *Shaler Umbrella Co v Blow,* 199 Wis 489; 227 NW 1 (1929), wherein it was held that an agent is not personally liable for advances made to him in excess of commissions earned in the absence of an express agreement to the contrary.

The general rule throughout the country is set forth in 53 Am Jur 2d, Master and Servant, § 74, p 149, wherein it is stated:

"where the contract of employment provides for advances to the employee, which are to be charged to and deducted from the commissions agreed by the employer to be paid to the employee, as the same may accrue, the employer cannot, in the absence of an express or implied agreement or promise to repay any excess of advances over the commissions earned, recover from the employee such excess."

From the foregoing it is clear that under the majority view, which we adopt, an implied agreement is sufficient. Moreover, this view appears to have support in Michigan. *SFA Studios, Inc v*

*Docherty,* 12 Mich App 170; 162 NW2d 670 (1968). Here the trial judge found that the defendant, himself, throughout the three years of the relationship, impliedly agreed to treat the advances as loans, rather than salary, since he never declared any of such advances as income, declaring only his earned commissions as income after having deducted his expenses therefrom. The trial court further found that defendant candidly admitted he signed the promissory note under his own free will. Accordingly an implied agreement to repay was found to exist.

While it is true that under the majority view, which we have adopted, convincing circumstances are required to uphold a finding of an implied agreement, 53 Am Jur 2d, Master and Servant, § 74, p 149, the trial court found such convincing circumstances to exist in the instant case. We will not disturb those findings unless clearly erroneous. Here the evidence was sufficient to support the trial court's findings. They were not therefore clearly erroneous.

Affirmed. Costs to appellee.